OPINION
{¶ 1} Plaintiff-appellant Nancy Miller appeals from an order of the trial court enforcing the terms of a settlement agreement entered into between the parties. She contends that the trial court erred by granting the motion to enforce the agreement without having allowed her the full time permitted by local rule to respond to the motion. She also contends that the trial court erred by failing to rule on her trial counsel's motion to withdraw, before ruling on the motion to enforce settlement. She contends that the trial court erred by denying her motion for reconsideration. Finally, she contends that the trial court "erred by violating Civ.R. 60(B)(1)."
 {¶ 2} Although we conclude that the trial court did err by granting the motion to enforce the settlement agreement before the time had run on Miller's opportunity to respond to the motion, we conclude that this error was harmless, in view of the fact that the record includes a settlement agreement signed by Miller and her counsel, and Miller has never denied having executed the settlement agreement. Similarly, even if the trial court erred by failing to rule on Miller's trial counsel's motion to withdraw before ruling on the motion to enforce the settlement agreement, we conclude that any error in this regard was necessarily harmless, in view of the fact that Miller has never denied executing the settlement agreement that the trial court ordered enforced. Finally, we agree with defendants-appellees that the trial court did not err by denying Miller's motion to reconsider its order enforcing the settlement agreement, in view of the fact that the order was a final order. We also agree that the trial court cannot have erred by violating Civ.R. 60(B), since Miller never invoked that Rule by motion. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Miller allegedly engaged the services of defendants-appellees James L. Zimmerman Realty and Barbara Fookes in early February, 2000, by entering into an exclusive right to sell her residence. Miller concluded that Zimmerman Realty and Fookes had failed in their duties to her, and brought this action against them in January, 2002. Zimmerman and Fookes filed responsive pleadings answering Miller's complaint and asserting a counter-claim against Miller for abuse of process.
 {¶ 4} Miller was initially represented at trial by Andrew Engel.
 {¶ 5} The trial court ordered mediation in this case.
 {¶ 6} In August, 2002, Andrew Engel withdrew as counsel, and Anthony Cicero was substituted as Miller's trial counsel.
 {¶ 7} On February 14, 2003, the parties entered into a "Mediation Agreement," wherein Zimmerman Realty and Fookes agreed to pay Miller a certain sum of money, in two installments, and Miller agreed to execute a confidentiality provision as to the terms of settlement, and to dismiss her action, with prejudice. The parties and their counsel signed this agreement, which is in the record.
 {¶ 8} On March 4, 2003, Zimmerman Realty and Fookes moved to enforce the settlement. On March 11, 2003, Anthony Cicero moved to withdraw as Miller's counsel, stating that the parties and their counsel had signed a settlement agreement, that Miller had since decided not to abide by the terms of that agreement, and that Cicero concluded that it would be unethical for him to advocate a position in opposition to the agreement that he and his client had signed.
 {¶ 9} On March 17, 2003, while Anthony Cicero's motion to withdraw as counsel was pending, the trial court entered the order from which this appeal is taken, ordering that the settlement agreement reached between the parties on February 14, 2003, be enforced. Three days later, on March 20, 2003, Miller filed her own memorandum in opposition to the motion to enforce the settlement agreement, pro se. On March 26, 2003, the trial court permitted Anthony Cicero to withdraw as Miller's attorney.
 {¶ 10} The next day, Miller moved to reconsider the order enforcing the settlement agreement. This motion was subsequently overruled by the trial court.
 {¶ 11} Miller appeals from the order of March 17, 2003, enforcing the terms of the settlement agreement entered into between the parties on February 14, 2003.
 II {¶ 12} Miller's First Assignment of Error is as follows:
 {¶ 13} "The trial court erred violating local civil Rule 2.05(II)(B)(2) by not granting the fourteen days for the opposing party to file a memorandum in opposition to the motion to enforce settlement and filing an entry to enforce the proposed settlement agreement within the fourteen days granted by the civil rule."
 {¶ 14} Essentially, Miller is complaining that she was not afforded the opportunity provided by Local R. 2.05(II)(B)(2) to respond to the motion to enforce the settlement agreement. We agree with Miller that it was error for the trial court to grant the motion before affording her the opportunity to be heard provided for by the Local Rule. However, we find no prejudice resulting from that error. Upon Miller's own motion, the trial court has supplemented the record to include the mediation agreement signed by the parties on February 14, 2003. It appears to bear the signatures of Miller, Fookes, Zimmerman, and their counsel. Miller has never denied having signed this agreement on February 14, 2003, the date affixed in handwriting next to her signature.
 {¶ 15} In short, Miller has advanced no argument, either in the trial court or in this court, why the settlement agreement she entered into on February 14, 2003, should not be enforced.
 {¶ 16} Miller's First Assignment of Error is overruled.
 III {¶ 17} Miller's Third Assignment of Error is as follows:
 {¶ 18} "The trial court erred by not ruling on the motion to withdraw as counsel for plaintiff before filing an entry on the motion to enforce settlement, as stated in the motion for reconsideration. Consequently, plaintiff was not given timely notice personally and due process."
 {¶ 19} We understand Miller's argument here to be that because the trial court had not granted the pending motion of her trial counsel to withdraw, before entering the order to enforce the settlement agreement, Miller did not get timely notice of the order, thereby preventing her from having had the opportunity to be heard.
 {¶ 20} Again, as with Miller's First Assignment of Error, even if the trial court erred in this regard, we find no prejudice. Miller has presented no argument, either in the trial court or in this court, why the settlement agreement she and her trial counsel signed on February 14, 2003, should not be enforced. Even if she was deprived of the opportunity to advance a meaningful argument in the trial court, she has had the opportunity to present an argument in this court why the settlement agreement should not be enforced. She has had ample time to retain the services of an attorney for this appeal, but has not done so.
 {¶ 21} We conclude that Miller has failed to demonstrate any prejudice that may have resulted from any limitation of her opportunity to respond to the motion to enforce the February 14, 2003 settlement agreement.
 {¶ 22} Miller's Third Assignment of Error is overruled.
 IV {¶ 23} Miller's Fourth Assignment of Error is as follows:
 {¶ 24} "The trial court erred in denying the motion for reconsideration and ordering evidentiary review in accordance with case law."
 {¶ 25} In connection with this assignment of error, Miller contends that the trial court erred by denying her motion to reconsider the order to enforce settlement. As Zimmerman and Fookes point out, the order to enforce settlement was a final appealable order, denominated as such. A motion for reconsideration does not lie from a final appealable order.Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378;State v. Grigsby, 2003 Ohio LEXIS 2450 (Greene App.).
 {¶ 26} The trial court did not have jurisdiction to reconsider its order to enforce settlement, since that was a final appealable order. Accordingly, the trial court did not err by overruling Miller's motion for reconsideration. Miller's Fourth Assignment of Error is overruled.
 V {¶ 27} Miller's Second Assignment of Error is as follows:
 {¶ 28} "The trial court erred by violating civil rule 60(b)(1) constituting a mistake by the assignment of error 1."
 {¶ 29} Civ.R. 60(B) provides, in pertinent part, as follows:
 {¶ 30} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *.
 {¶ 31} "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
 {¶ 32} As Zimmerman Realty and Fookes point out, Miller has never invoked the provisions of Civ.R. 60(B) by motion in the trial court. Had she done so, one thing that she would have had to allege was that she had a meritorious defense to the motion to enforce the settlement agreement. Again, she has never alleged, either in the trial court or in this court, any ground for avoiding the enforcement of the settlement agreement that she entered into on February 14, 2003.
 {¶ 33} Miller's Second Assignment of Error is overruled.
 VI {¶ 34} All of Miller's assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
Wolff and Young, JJ., concur.