OPINION AND JOURNAL ENTRY *Page 2 
{¶ 1} Petitioner Eldridge Paige has filed a petition for writ of habeas corpus against Jeffrey Wolfe, Warden, Noble Correctional Institution. He contends that he is being held in prison unlawfully because the Cuyahoga County Common Pleas Court's July 21, 2006 sentencing entry failed to credit him for time previously spent in jail in lieu of bail. For the following reasons, this petition is dismissed.
 {¶ 2} Factually, Petitioner states that he was held in the Cuyahoga County Jail in lieu of bail on a drug charge from June 30, 2005 until November 22, 2005. At that time, he pled guilty and was sentenced to one year of community control. Before he could be released, he was transferred to the Lorain Correctional Institution for violating post-release control on some other offense where he remained until March 27, 2006. He states that when he was released, he reported for the probation imposed on November 22, 2005 and completed only one successful month of community control. Petitioner relates that he was arrested for violating community control in July 2006. He writes that the court sentenced him to twelve months in prison on the drug charge due to the probation violation. He also says that the court credited him with one hundred fifty-six days for time served. Petitioner concludes that the sentencing court failed to credit him for the five months he spent in jail in lieu of bail on the drug charge.
 {¶ 3} Initially, we point out that Petitioner fails to explain why he could not have appealed the sentencing entry at the time it was filed. For all we know, he did so appeal the entry, and a decision is pending.
 {¶ 4} Next, we note that contrary to Petitioner's calculation, a defendant is not entitled to credit for time served on unrelated charges dealing with post-release control violations. See R.C. 2967.191
("confined for any reason arising out of the offense for which the prisoner was convicted and sentenced"); State ex rel. Jordan v.Haskins (1998), 131 Ohio App.3d 791, 792 (7th Dist.). Merely because the post-release control violation for a separate offense may have been based upon his commission of the current crime while on release, the time spent as a sanction for the violation does not count as credit toward the current crime. Moreover, one is not entitled to credit for *Page 3 
time spent on community control for the current offense; only time spent in "confinement" counts. R.C. 2967.191. See, also, State v. Napier
(2001), 93 Ohio St.3d 646; State v. Sullivan, 7th Dist. No. 01CO66, 2002-Ohio-5225 (electronically monitored house arrest is not confinement).
 {¶ 5} Petitioner is assuming the sentencing court credited him with the four months spent in prison based upon a post-release control violation of a separate offense and the one month spent on community control for this offense. Since neither of these credits is permissible, it is more likely that the sentencing court in fact credited him with the five months he spent in jail in lieu of bail on this offense. He claims that he filed a motion with the sentencing court for jail time credit; however, he did not attach this filing to his petition.
 {¶ 6} In fact, Petitioner failed to even attach his commitment papers as is absolutely required by R.C. 2725.04(D). There is no way to review his petition without the entry imposing sentence and the notation of his jail time credit. See Bloss v. Rogers (1992), 65 Ohio St.3d 145, 146
("These commitment papers are necessary for a complete understanding of the petition. Without them the petition is fatally defective.").
 {¶ 7} Asking the Noble Correctional Institution's record office for judgment entries out of the Cuyahoga County Common Pleas Court's file and being instructed to ask the sentencing court is not a sufficient effort by a Petitioner. That is, there is no indication that his commitment papers could not "be procured without impairing the efficiency of the remedy." R.C. 2725.04(D). As a result, this petition is fatally defective. Harris v. Anderson, 109 Ohio St.3d 101,2006-Ohio-1934, ¶ 10-11; Kemp v. Ishee, 7th Dist. No. 03MA182,2004-Ohio-1934, ¶ 9. We note that attachment of the commitment papers to a post-judgment motion will not cure the defect. Boyd v. Money (1998),82 Ohio St.3d 388, 389. Accordingly, this petition is dismissed on the grounds that Petitioner has failed to comply with the mandatory requirement of R.C. 2725.04(D). *Page 4 
 {¶ 8} Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.
Vukovich, J., concurs.
DeGenaro, P.J., concurs.
 Donofrio, J., concurs. *Page 1