[Cite as *State v. Hutchinson*, 2016-Ohio-927.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102856**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL E. HUTCHINSON, SR.

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-11-555395-C and CR-14-589340-B

**BEFORE:** E.T. Gallagher, P.J., Stewart, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 10, 2016

**ATTORNEY FOR APPELLANT**

Richard A. Neff
Richard A. Neff Co., L.P.A.
614 West Superior Avenue
Suite 1310
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:　Marcus A. Henry
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant, Michael Hutchinson ("Hutchinson"), appeals sentences he received in two separate cases. He raises the following two assignments of error for our review:

> 1. The trial court erred to the prejudice of Mr. Hutchinson by failing to include in its 5/14/2012 sentencing entry in Cuyahoga C.P. No. CR-555395-C any indication of postrelease control.
>
> 2. The trial court erred in imposing a maximum sentence against Mr. Hutchinson for the burglary conviction in Cuyahoga C.P. No. CR-589340-B.

**{¶2}** We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

**{¶3}** In May 2012, Hutchinson pleaded guilty to one count each of burglary and felonious assault in C.P. No. CR-11-555395-C, and the trial court sentenced him to three years of community control sanctions. In its journal entry, the trial court advised Hutchinson that if he violated the terms of his community control, he could serve a three-year prison term on the burglary conviction, and a five-year prison term on the felonious assault conviction. The trial court made no mention of postrelease control in the journal entry.

**{¶4}** Almost three years later, in February 2015, Hutchinson pleaded guilty to burglary in C.P. No. CR-14-589340-B. In March 2015, the court found Hutchinson in violation of his community control sanctions in C.P. No. CR-11-555395-C and two other

subsequent cases. Consequently, the trial court sentenced Hutchinson to a four-year prison term in C.P. No. CR-11-555395-C and a 36-month prison term in C.P. No. CR-589340-B, to be served consecutively for an aggregate seven-year prison term. The trial court advised Hutchinson that he would be subject to postrelease control following his release from prison and imposed postrelease control in the sentencing entries in each case. Hutchinson now appeals from those judgments.

## II. Law and Analysis

### A. Postrelease Control

{¶5} In the first assignment of error, Hutchinson argues his sentence in C.P. No. CR-555395-C is void because the trial court failed to mention postrelease control in its original judgment entry that sentenced him to community control sanctions.

{¶6} Pursuant to R.C. 2929.19(B)(2)(d), the trial court must notify an offender who is sentenced to prison that the offender will be supervised under R.C. 2967.28 following his or her release from prison. The failure to properly notify a defendant of postrelease control and to incorporate that notice into the court's sentencing entry renders the sentence void. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus.

{¶7} Hutchinson argues that because the trial court failed to impose postrelease control in its original sentencing entry in C.P. No. CR-555395-C, the imposition of community control sanctions was void. Therefore, he argues, he could not be found in violation of community control sanctions.

**{¶8}** However, a trial court is not required to inform an offender of postrelease control where, as here, the offender is sentenced to community control sanctions in lieu of prison. *State v. Oulhint*, 8th Dist. Cuyahoga No. 99296, 2013-Ohio-3250, ¶ 11-13. R.C. 2929.19(B)(2)(c), which sets forth the court's duties at sentencing, provides that "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [n]otify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison."

**{¶9}** Nothing in the statute requires that a court imposing community control sanctions must inform the defendant that if he is later sentenced to a prison term for a violation of his community control sanctions, then postrelease control may be imposed. *State v. Harris*, 8th Dist. Cuyahoga No. 89971, 2008-Ohio-2175, ¶ 7.

**{¶10}** R.C. 2929.15(B) provides the court three options for dealing with an offender who has violated community control. R.C. 2929.15(B) states that the sentencing court (1) "may impose a longer time under the same sanction," (2) "may impose a more restrictive sanction," or (3) "may impose a prison term on the offender pursuant to R.C. 2929.14 of the Revised Code." Community control violations can range from relatively minor to very serious, and the terms of the community control sanctions vary greatly depending on the facts of each case. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 21.

**{¶11}** R.C. 2929.15(B) gives the trial judge wide discretion to select a sanction that is commensurate with the violation. R.C. 2929.15(B); *Brooks* at ¶ 21, 25. At the

time the court sentences an offender to community control sanctions, there is no way to predict whether an offender will violate the sanctions or what the violation might be. *Brooks* at ¶ 21. In *Harris*, this court observed that although the trial court must inform the defendant of the potential prison term that could be imposed as the result of a community control violation, the court is not required to anticipate the contingencies that flow from a community control sentence. *Harris* at ¶ 7.

{¶12} In short, there is no statutory requirement that a court choosing to impose community control sanctions as an initial sentence must inform the offender of postrelease control. *Oulhint*, 8th Dist. Cuyahoga No. 99296, 2013-Ohio-3250 at ¶ 12. Such requirement applies either when the trial court chooses at the original sentencing hearing to impose the sanction of a prison term, or later imposes a suspended prison sentence following a community control violation. *Id.*; R.C. 2929.19(B)(2)(d). *See also State v. Ortiz,* 185 Ohio App.3d 733, 2010-Ohio-38, 925 N.E.2d 662, ¶ 11 (9th Dist.) (court's failure to indicate whether postrelease control was mandatory or discretionary did not render sentence void because defendant was sentenced to community control.).

{¶13} Accordingly, the first assignment of error is overruled.

### B. Maximum Sentence

{¶14} In the second assignment of error, Hutchinson argues the trial court erred when it imposed a maximum prison sentence in C.P. No. CR-14-589340-B.

{¶15} R.C. 2953.08(A)(1) permits Hutchinson to appeal his maximum sentence. R.C. 2953.08(G) provides that a court hearing an appeal under R.C. 2953.08(A) "may

increase, reduce, or otherwise modify a sentence" or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) The record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; [or]

> (b) That the sentence is otherwise contrary to law.

**{¶16}** A trial court is no longer required to make findings or provide reasons for imposing the maximum sentence. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 14. We therefore review Hutchinson's sentence to determine whether it is contrary to law under R.C. 2953.08(A)(4). *State v. East*, 8th Dist. Cuyahoga No. 102442, 2015-Ohio-4375; *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

**{¶17}** A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Caraballo*, 8th Dist. Cuyahoga No. 100354, 2014-Ohio-2641, ¶ 6-7.

**{¶18}** Courts have "full discretion" to impose a sentence within the applicable statutory range. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph

seven of the syllabus. Therefore, a sentence imposed within the statutory range is "presumptively valid" if the court considered applicable sentencing factors. *Id.*

**{¶19}** Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to "'state on the record that it considered the statutory criteria or discussed them.'" *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 5, quoting *State v. Polick*, 101 Ohio App.3d 428, 655 N.E.2d 820 (4th Dist.1995). A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 18; *State v. Wright*, 8th Dist. Cuyahoga No. 95096, 2011-Ohio-733, ¶ 4.

**{¶20}** In Cuyahoga C.P. No. CR-14-589340-B, the sentencing entry states, in relevant part: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." The court also made all the necessary findings set forth in R.C. 2929.14(C) for the imposition of consecutive sentences. Thus, the record shows that the trial court carefully considered the requirements of Ohio's felony sentencing statutes.

**{¶21}** In this case, the trial court sentenced Hutchinson to 36 months on one count of burglary, a third-degree felony. R.C. 2929.14(A)(3)(b) provides that "[f]or a felony of the third degree * * * the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Therefore, Hutchinson's sentence was within the permissible

statutory range, albeit the maximum within that range. And since the court considered all required sentencing statutes, the maximum prison sentence on Hutchinson's burglary charge is not contrary to law.

**{¶22}** The second assignment of error is overruled.

## III. Conclusion

**{¶23}** The original sentencing entry in C.P. No. CR-11-555395-C was not void because the trial court was not required to impose postrelease control when Hutchinson was sentenced to community control sanctions lieu of prison. The court's sentence on Hutchinson's burglary conviction was not contrary to law because the trial court considered all applicable sentencing statutes when it imposed the maximum prison term for a third-degree felony.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR