[Cite as *State v. Jimenez*, 2017-Ohio-1553.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104735

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSHUA JIMENEZ

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART, VACATED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-597623-A

**BEFORE:** S. Gallagher, J., McCormack, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** April 27, 2017

**ATTORNEY FOR APPELLANT**

Jeffrey Froude
P.O. Box 771112
Lakewood, Ohio   44107


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Ashley B. Kilbane
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1} Joshua Jimenez appeals the revocation of his community control sanction. We affirm in part, vacate the sentence imposed, and remand for a new sentencing hearing.

{¶2} Jimenez pleaded guilty to the third-degree felony for the failure to provide notice of his changed address under R.C. 2950.05(E)(1), a requirement of his sexual offender classification. In February 2016, the trial court imposed one year of community control sanctions to be served at a community-based correctional facility ("CBCF"), if Jimenez was able to secure placement in the institution.[1] The trial court ordered CBCF personnel to screen Jimenez. If Jimenez was found ineligible, he was to be returned to the trial court for further determination. The court warned Jimenez that any violation of the terms of community control could lead to a 36-month sentence on the charge to which Jimenez pleaded guilty.

{¶3} In May of that year, Jimenez was returned to the trial court for failing to abide by the conditions of CBCF confinement, which resulted in Jimenez being terminated from the program. Jimenez appeared in court and admitted that he had failed to meet the guidelines. The trial court followed through on the promise to sentence Jimenez to a 36-month term of imprisonment, with credit for 172 days served.

{¶4} Jimenez appealed, claiming the procedure by which his violation was found deprived him of his constitutional right to due process, that the 36-month sentence was

---

[1]There is no indication as to the duration of time to be spent in the residential confinement, but that issue has not been raised or briefed.

contrary to law because the court "predetermined" the sentence without considering the R.C. 2929.11 and 2929.12 sentencing factors, and that his counsel at the hearing was ineffective for not inquiring into the nature of the violation. We affirm in part, but vacate the sentence and remand for a full sentencing hearing.

{¶5} Jimenez failed to object to the proceedings below and has waived all but plain error. *State v. Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-470, ¶ 8, citing *State v. Murphy*, 91 Ohio St.3d 516, 532, 2001-Ohio-112, 747 N.E.2d 765, quoting *State v. Childs*, 14 Ohio St.2d 56, 62, 236 N.E.2d 545 (1968) ("[e]ven constitutional rights 'may be lost as finally as any others by a failure to assert them at the proper time.'"). Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *Id.*

{¶6} This court has repeatedly held that oral notice coupled with the complete admission at the preliminary hearing on the violation of sanctions satisfies any due process or effective assistance of counsel concerns. *See, e.g., Frazier* at ¶ 10-12; *State v. Patton*, 2016-Ohio-4867, 68 N.E.3d 273, ¶ 9 (8th Dist.) (oral notice of alleged violation may be sufficient to satisfy constitutional due process concerns); *State v. Jones*, 8th Dist. Cuyahoga No. 102999, 2016-Ohio-2626, ¶ 10; *State v. Washington*, 8th Dist. Cuyahoga Nos. 101157 and 101170, 2015-Ohio-305, ¶ 22; *State v. Lenard*, 8th Dist. Cuyahoga No. 93373, 2010-Ohio-81, ¶ 12; *Lakewood v. Sullivan*, 8th Dist. Cuyahoga No. 79382, 2002-Ohio-2134, ¶ 26. Further, the admission to the violation during a preliminary hearing waives any further argument as to whether the offender violated the terms of his

community control sanctions during subsequent proceedings. *Frazier* at ¶ 17. Jimenez has not provided any basis for us to diverge from our precedent, much less even identified any of the controlling law in his appellate brief. App.R. 16(A)(7).

{¶7} At the violation hearing, for which Jimenez has not argued that he lacked any notice, Jimenez and his counsel both conceded the violation had indeed occurred. As a result of his noncompliance, Jimenez was terminated from the CBCF program, an express term of the community control sanctions. The notification coupled with Jimenez's concession satisfied any due process concerns. Further, if any error existed, Jimenez invited that error himself by expressly conceding to the violation and the summary nature of the preliminary proceedings. *Frazier* at ¶ 12. "Under the settled principle of invited error, a litigant may not 'take advantage of an error which he himself invited or induced.'" *Murphy* at 535-536, quoting *Hal Artz Lincoln-Mercury*, *Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus.

{¶8} Jimenez, however, has also argued that the trial court failed to consider the sentencing factors before imposing the 36-month sentence, citing *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965. In *Frazier*, it was concluded that "a sentence imposed following a community control violation constitutes a full sentencing hearing where the court must abide by the relevant sentencing provisions and the rights that inure to a criminal defendant." *Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-470, at ¶ 15, citing *Heinz* at ¶ 15; *State v. Saxon*, 8th Dist. Cuyahoga No. 104295, 2017-Ohio-93, ¶ 8; *State v. Morris*, 8th Dist. Cuyahoga No. 104013,

2016-Ohio-7614, ¶ 12. "Because offenders are sentenced anew, they must be afforded the same rights as those afforded during an original sentencing hearing." *Frazier* at ¶ 13; *see also State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17.

{¶9} In *Fraley*, for example, the Ohio Supreme Court determined that under R.C. 2929.19(B)(5) and 2929.15(B), trial courts must notify the offender of the specific prison term that may be imposed for the violation of the conditions of sanctions. *Fraley* at ¶ 18. The statutory section, R.C. 2929.19(B)(5), is meant to "put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs." Notice, however, is just that. As the Ohio Supreme Court further held, "[a]t this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *Id.*, citing *State v. Martin*, 8th Dist. Cuyahoga No. 82140, 2003-Ohio-3381, ¶ 35 (trial court committed reversible error in failing to consider the minimum term under the version of R.C. 2929.14(B) then in effect at the sentencing hearing on the violation of community control sanctions). If the trial court is imposing a prison term upon the violation of the community control sanctions already imposed, the court must independently consider the sentencing factors at the time of the violation and in the ensuing final sentencing entry that complies with all applicable requirements for finality.

{¶10} In response, the state claims that the trial court considered the factors enumerated in R.C. 2929.11 and 2929.12 because at the original sentencing hearing the court noted such. The state argues that this case is analogous to the decision in *State v. Hutchinson*, 8th Dist. Cuyahoga No. 102856, 2016-Ohio-927, ¶ 21. In that case, the

offender was placed on community control facing a potential 36-month sentence for burglary upon any violation. *Id.* The trial court subsequently found a violation occurred and sentenced the offender to the 36-month prison sentence after considering the sentencing factors a second time. *Id.* The decision in *Hutchinson* is controlling, but not for the reason the state now claims. As alluded to in that case, it was concluded that the trial court must consider the sentencing factors in the new sentencing hearing that occurs following a violation of the community control sanctions. *Id.* at ¶ 20 (noting the trial court held a second sentencing hearing following the violation at which time the court considered the felony sentencing factors anew).

{¶11} The summary nature of Jimenez's brief hearing for the notice of violation precludes us from affirming. The trial court failed to consider the sentencing factors before imposing the 36-month sentence at the hearing and in the final sentencing entry. Jimenez's sentence is, therefore, contrary to law. *State v. Gaines*, 8th Dist. Cuyahoga No. 103476, 2016-Ohio-4863, ¶ 8 (a sentence is contrary to law if the trial court fails to consider the purposes and principles of felony sentencing under R.C. 2929.11 and 2929.12). The sentence is vacated, and the case is remanded for a complete sentencing hearing at which time Jimenez's sentence is to be considered de novo. Jimenez personally admitted to the violation during the original hearing, however, so he has waived any argument that he did not commit a violation, which shall remain the law of this case. *Frazier* at ¶ 17. The sentence imposed is vacated, and the matter remanded.

It is ordered that appellant and appellee share costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
MARY J. BOYLE, J., CONCUR