[Cite as *State v. English*, 2021-Ohio-850.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :
                             No. 109645

    v.                             :

DARRIN E. ENGLISH,                      :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 18, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634702-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Dale M. Hartman, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1} Defendant-appellant Darrin English ("English") appeals the trial court's imposition of an 18-month prison sentence following revocation of his community control sanctions. For the reasons that follow, we affirm.

**{¶ 2}** In 2018, English was charged with failure to provide notice of change of address in violation of R.C. 2950.05(F)(1), a felony of the fourth degree; the registration requirement stemmed from his prior conviction for pandering sexually oriented material involving a minor. *See State v. English*, Cuyahoga C.P. No. CR-15-600844-A.

**{¶ 3}** English pleaded guilty to the indictment and was sentenced to two years of community control sanctions subject to a prison sentence of 18 months if he violated his community control sanctions. The court placed him with the adult probation department's mental health and developmental disabilities unit. During his sentencing hearing, the trial court told English that he was required to abide by all the rules and regulations of the probation department, to report as directed by the probation officer, follow the recommendations of his treatment team, attend all mental health appointments as scheduled, take all medications as prescribed, attend programming as indicated in his case plan, submit to random drug testing, and pay a monthly supervision fee of $20. Both the court and defense counsel reminded English that he must comply with registration requirements.

**{¶ 4}** In March 2019, the trial court held a review hearing. The court expressed its concern that English was continuing to test positive for marijuana. English's probation officer told the court that English was "doing a good job of reporting his different psych appointments and medical appointments" and was "on track with getting involved with sex offender counseling." The court continued English on community control sanctions.

{¶ 5} In November 2019, English had another review hearing, this time after he had been arrested pursuant to a warrant. The court noted that English tested positive for marijuana several times in February, March, April, and May 2019. The court also noted that English had posted pictures of himself to social media holding knives and had been found in possession of several weapons, including knives, mace, stun gun, laptop computer, and cell phone, all of which he was prohibited from possessing under the terms of his community control sanctions or parole. English admitted he was not supposed to have these items, but claimed they either did not work or did not belong to him.

{¶ 6} When the court asked English why he was not living at his registered address, English told the court he had permission to live somewhere else. The court disagreed, stating that English's multiple requests to live somewhere other than his registered address had been denied by the probation department or adult parole authority. The court noted its concern, and the concern of his probation and parole officers, that English was found living in a hotel room in possession of, or in close proximity to, so many prohibited items.

{¶ 7} Through defense counsel, English admitted he had violated the terms of his community control sanctions. The court found English in violation of his community control sanctions and imposed the original sentence of 18 months in prison.

{¶ 8} English appealed and raises two assignments of error for our review:

I. The trial court violated appellant's right to due process.

II. The lower court violated appellant's Eighth Amendment right to be free from double jeopardy.

**{¶ 9}** In the first assignment of error, English claims that the trial court violated his right to due process because he did not have a preliminary hearing and was not able to confront witnesses against him.

**{¶ 10}** As an initial matter, English did not note his objection at the trial-court level. Therefore, he has waived all but plain error. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Appellate courts take notice of plain error "with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).

**{¶ 11}** The revocation of community control sanctions can result in a prison sentence; thus, a probationer must be accorded due process at the revocation hearing. *State v. Bailey*, 8th Dist. Cuyahoga No. 103114, 2016-Ohio-494, ¶ 9, citing *Gagriori v. Scarpelli*, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *see also* Crim.R. 32.2(A). A person subject to community control sanctions is entitled to certain due process rights if they are to be punished for a violation of their community control, including: (1) written notice of the claimed violations; (2) disclosure of the evidence against them; (3) an opportunity to be heard and to present witnesses and documentary evidence; (4) the right to

confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinder of the evidence relied upon and the reason for revocation. *Bailey* at ¶ 10, citing *State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, ¶ 26.

{¶ 12} Failure to timely object to a due process violation during a probation violation hearing waives error. *Bailey* at *id.*, citing *State v. Simpkins*, 8th Dist. Cuyahoga No. 871131, 2006-Ohio-3496, ¶ 12. This court has stated that an admission to a community-control violation "dispense[s] with the need to present evidence or to give appellant the opportunity to defend." *State v. Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-470, ¶ 11.

{¶ 13} In *Frazier*, this court held that the trial court did not commit plain error in finding the appellant violated the terms of his community control when the appellant waived the requirement that evidence be presented against him as well as his right to cross-examine or call witnesses by admitting to his violation. *Id.* at ¶ 12. Similarly, in *Bailey*, this court found that there were no due process errors in a probation violation hearing when the appellant admitted to the violation, was afforded the opportunity to be heard about the circumstances surrounding the alleged violations, and was able to question his supervising probation officer. *Id.* at ¶ 11.

{¶ 14} This court has also held that while written notice of claimed violations is preferred, oral notice of alleged violations may be sufficient, as long as the oral statements explain the basis of the revocation proceeding, provide

adequate notice to the probationer, and provide a record for appellate review of the revocation hearing. *State v. Patton*, 8th Dist. Cuyahoga No. 103737, 2016-Ohio-4867, 68 N.E.3d 273, ¶ 9, citing *State v. Washington*, 8th Dist. Cuyahoga Nos. 101157 and 101170, 2015-Ohio-305, ¶ 22. Oral notice coupled with complete admission of the violation at the preliminary hearing satisfies any due process concerns. *State v. Gaines*, 8th Dist. Cuyahoga No. 106784, 2019-Ohio-639, ¶ 15, citing *State v. Jimenez*, 8th Dist. Cuyahoga No. 104735, 2017-Ohio-1553, ¶ 6.

{¶ 15} Finally, this court has repeatedly held that there is no due process violation when a preliminary hearing to establish probable cause and a revocation hearing are held on the same day. *State v. Macura*, 8th Dist. Cuyahoga No. 108111, 2019-Ohio-4064, ¶ 17, citing *Gaines*; *State v. Greene*, 8th Dist. Cuyahoga No. 106028, 2018-Ohio-1965; *State v. Cox*, 8th Dist. Cuyahoga No. 105932, 2018-Ohio-748.

{¶ 16} In *Macura*, the probable cause hearing and revocation hearings were held on the same day. The hearing began as a preliminary, probable cause hearing during which the probation officer advised the trial court that the defendant had not been reporting to the probation department and had tested positive for drugs. This court determined that it was at this juncture that the preliminary probable cause hearing transitioned into a final revocation hearing and there was no due process violation because it was clear from the transcript what had occurred. *Id.* at ¶ 19.

{¶ 17} In this case, English was represented by counsel at the hearing. English admitted to his violation. As this court stated in *Frazier*, an admission to a community control violation waives the right to cross-examine or call witnesses. *Id.* at ¶ 12. Although English alleges that there was no preliminary hearing, the record reflects that what occurred was a preliminary hearing that transitioned into a revocation hearing. The sentencing court spoke at length about the allegations that formed the basis of the violation, fulfilling its obligation to provide English with notice of the claimed violations. English had the opportunity to address the court regarding the violations. English disputed some of the specifics of the allegations, but defense counsel acknowledged the violation and attempted to explain the circumstances surrounding the violation on English's behalf. Presumably after recognizing that the court had transitioned to a revocation hearing, counsel also addressed the court in mitigation of sentence. Thus, any due process concerns were satisfied with the combination of oral notice of the violations and English's admission to them. *See Gaines* at ¶ 15.

{¶ 18} English also alleges that the original sentencing entry does not set forth his requirement to register as a sex offender and he was not on notice that his conduct in possessing the items the court described would constitute a violation. We disagree. The requirement for English to register as a sex offender did not originate in the instant case. Moreover, by entering a guilty plea to the offense in this case, English acknowledged that he had an obligation to register his address and failed to do so. Defense counsel told the court that she had discussed the

registration requirements with English in an effort to ensure that he understood them. With respect to English's possession of certain prohibited items, English himself acknowledged that he knew that he was not allowed to have these items. Thus, he was aware that his conduct constituted a violation. In addition to the prohibited items English possessed, the court previously warned him about his marijuana use during the March 2019 review hearing. The court again addressed English's marijuana use again during the violation hearing, as well as the registration issues.

{¶ 19} Based on the record before the court, English was aware of the rules and regulations of probation and that his conduct had constituted a violation.

{¶ 20} In light of the above, we find that his due process rights were not violated.

{¶ 21} The first assignment of error is overruled.

{¶ 22} In the second assignment of error, English contends that he was subject to double jeopardy because he was sentenced to a prison sentence after revocation of his postrelease control.

{¶ 23} The Double Jeopardy Clause, contained in the Fifth Amendment of the United States Constitution states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The United States Supreme Court has recognized that double jeopardy principles do not prohibit the imposition of every additional sanction that could be interpreted as "punishment." *State v. Martello*, 97 Ohio St.3d 398, 400, 780 N.E.2d 250 (2002), citing *Hudson*

*v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). Rather, double jeopardy principles protect "only against the imposition of multiple criminal punishments for the same offense and then only when such occurs in successive proceedings." *Martello* at *id.*, citing *Hudson*.

{¶ 24} In *Hudson*, the United States Supreme Court reaffirmed the two-part test for determining whether a particular punishment is a "criminal punishment" for double-jeopardy purposes. *Id.* at 99. The first prong of this test asks whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other, and the second prong examines cases where the legislature may have intended to create a civil penalty, asking whether the statutory scheme was so punitive in purpose or effect as to transform the intended civil remedy into a criminal penalty. *Id.* With respect to postrelease control, the *Martello* Court applied this test and ultimately held that postrelease control is part of the original judicially imposed sentence. *Id.* at 402. When a defendant receives a term of incarceration for violation of conditions of postrelease control, such a term is attributable to the original sentence. *Id.* at 405.

{¶ 25} Similarly, sanctions imposed for violating community control do not constitute criminal punishment for purposes of double jeopardy. *State v. Peters*, 8th Dist. Cuyahoga No. 92791, 2009-Ohio-5836, ¶ 13-14. The imposition of a prison sentence is not a punishment for the new offense, but is a consequence of the original conviction. *State v. Black*, 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, ¶ 13. A prison sentence following the violation of community control

sanctions is not a "second penalty for a new offense, but rather, the original sentence * * * being now imposed." *State v. Myers*, 5th Dist. Richland No. 2003 CA 0062, 2004-Ohio-3715, ¶ 23.

{¶ 26} In *State v. Butcher*, 4th Dist. Athens Nos. 15CA33 and 15CA34, 2017-Ohio-1544, the appellant was sentenced to a nine-year prison term following a conviction for aggravated burglary. At the time of his conviction, the appellant was on postrelease control for a prior criminal case and was on community control sanctions in a third case involving the intimidation of a witness. The appellant complained that the same act (his new conviction) formed the basis of the violations of both his community control and his postrelease control, and as such ran afoul of his double jeopardy protection against multiple punishments. The *Butcher* Court found that neither sanction for the appellant's noncompliance with the conditions of postrelease constituted "criminal punishment"; thus, double jeopardy protections were inapplicable. *Id.* at ¶ 103. The court reasoned that the sanctions were a continuation of the sentences imposed in the criminal matters to which the postrelease and community control sanctions were attached. The *Butcher* Court held that prison terms imposed for violations of those sanctions were not a violation of the appellant's double-jeopardy rights where both sentences were based on the same underlying act. *Id.*

{¶ 27} In this case, English was on postrelease control following his release from prison in CR-15-600844-A, in which he was convicted of pandering sexually oriented material involving a minor. He was placed on community control

sanctions in the instant case for failure to provide notice of change of address, as he was required to do pursuant to his registration as a sex offender in CR-15-600844-A. When the trial court imposed a prison term for violating his community control sanctions, the sentence was a consequence for the original conviction. *See Black* at ¶ 13. As such, it did not constitute a new "criminal punishment" for the act underlying the violation. Similarly, when English was sanctioned by the Adult Parole Authority for his failure to abide by the conditions of his postrelease control, that sanction was part of the original sentence for his conviction in CR-15-600844-A. Again, this was not a new punishment for the act underlying the violation, but a continuation of the previous judicially imposed sentence in that case. Neither the sanction for the postrelease control violation nor the sanction for the community control violation constituted new criminal punishments for the purposes of a double-jeopardy analysis. *See Butcher* at ¶ 103. Instead, they are a continuation of the imposed sentences in their respective criminal cases. *Id.* As such, they do not implicate English's right to be free from double jeopardy.

{¶ 28} Accordingly, the second assignment of error is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR