[Cite as *State v. Baker*, 2025-Ohio-5529.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                    :

     Plaintiff-Appellant,            :

                                  No. 115298

     v.                                         :

BREION BAKER,                                    :

     Defendant-Appellee.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 11, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-702181-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Daniel Van and Michael R. Wajda, Assistant Prosecuting Attorneys, and Arwa Elmashae, Certified Legal Intern, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellee*.

WILLIAM A. KLATT, J.:

{¶ 1} Plaintiff-appellant the State of Ohio ("the State") appeals from the trial court's award of jail-time credit to defendant-appellee Breion Baker ("Baker")

for a separate and unrelated case. Baker concedes this error. For the reasons that follow, we reverse and remand.

**Factual and Procedural History**

{¶ 2} In a previous case, Baker was convicted of attempted murder and sentenced to five years in prison. *State v. Baker*, Cuyahoga C.P. No. CR-17-616524--A. On February 6, 2022, Baker was released and placed on postrelease control. In October 2022, while on postrelease control, Baker was convicted of having weapons while under disability. *State v. Baker*, Cuyahoga C.P. No. CR-22-671941-A. Baker was sentenced to nine months in prison. He was released on January 19, 2023, and again placed on postrelease control.

{¶ 3} On June 27, 2023, Baker's parole officer saw a photograph of Baker with a firearm. Based on this photo, a search warrant was obtained for Baker's mother's house, where Baker was staying at the time. Upon executing the search warrant, a loaded firearm — a tan Glock appearing to match the firearm in the photograph — was recovered.

{¶ 4} Based on this evidence, on May 27, 2025, a Cuyahoga County Grand Jury indicted Baker on one count of having weapons while under disability in violation of R.C. 2923.13(A)(2) with one-year and 18-month firearm specifications. It is these charges from which the instant appeal arises.

{¶ 5} The record reflects that Baker was jailed from August 2023 through March 13, 2024, related to his violation of postrelease control arising from the above offense.

{¶ 6} On July 2, 2025, Baker pleaded guilty to the charges. The State objected to the court's articulation of jail-time credit that Baker would receive, stating:

> We do object to this defendant getting credit for time served for the period of time in which he was in our jail from August 11, 2023 through March 13, 2024. The basis for this objection is that he has already been given credit for that time effectively; that was a separate post-release control violation sanction that he was serving. However based on off the record discussions the State understands that the objection will be overruled.

(Tr. 17-18.)

{¶ 7} The court went on to sentence Baker to nine months on the underlying charge, to be served prior to and consecutively to the 18 months for the firearm specification.[1] The court also ordered forfeiture of the firearm. The court awarded Baker jail-time credit as follows:

> Finally, with respect to this case I'll grant him credit, over the State's objection, of 251 days of credit. That would include the sanction time that he served after this case and date of offense in this case in addition to the time that he's been in County Jail, which is 36 days for a total again of 251 days. He'll receive any credit while he awaits his transportation to Lorain Correctional Institution.

(Tr. 21.)

{¶ 8} The State filed a timely notice of appeal and now presents one assignment of error for our review:

> The trial court erred by awarding Appellee, Breion Baker, jail-time credit for days served in a separate and unrelated case.

---

[1] The firearm specifications merged for sentencing.

**Law and Analysis**

{¶ 9} In the State's sole assignment of error, it argues that the trial court's award of 251 days of jail-time credit is contrary to law because R.C. 2967.191(A) prohibits courts from awarding credit for time served in a prior, unrelated offense while in custody.

{¶ 10} R.C. 2967.191(A) provides:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶ 11} "'[A] defendant is not entitled to credit for time served on unrelated charges dealing with post-release control violations.'" *State v. Brown*, 2021-Ohio-3347, ¶ 9, quoting *Paige v. Wolfe*, 2007-Ohio-1117, ¶ 4 (7th Dist.), citing R.C. 2967.191. Further, "'[m]erely because the postrelease control violation for a separate offense may have been based upon his commission of the current crime while on release, the time spent as a sanction for the violation does not count as credit toward the current crime.'" *Id.* This is because the imposition of a prison

sentence for a violation of postrelease control is not a punishment for the new offense, but is a consequence of the original conviction. *Brown* at ¶ 10, citing *State v. English*, 2021-Ohio-850, ¶ 25 (8th Dist.), citing *State v. Black*, 2011-Ohio-1273, ¶ 13 (2d Dist.).

{¶ 12} Here, the trial court awarded Baker jail-time credit for days he had served for a postrelease-control violation arising out of the same factual circumstances as the offense in the underlying case. The factual circumstances giving rise to the offenses are the same. Baker's possession of a firearm constituted both a violation of his postrelease control in a prior case and a new criminal offense in the underlying case. Although the factual circumstances are the same, Baker is not entitled to receive jail-time credit in this case for time served as a postrelease-control sanction. Baker concedes this error.

{¶ 13} The State's sole assignment of error is sustained.

{¶ 14} Judgment reversed, and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

MICHELLE J. SHEEHAN, P.J., and
MICHAEL JOHN RYAN, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)