JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Leslie B. Harris has filed this delayed appeal from the sentence imposed upon him following a court determination that he violated the conditions of his community control sanctions. He contends that the court erred by not informing him, at his original sentencing hearing, that if he was later sentenced to prison, the parole board could extend his prison term for certain violations of prison rules, and he would be subject to post-release control. He further contends that the court erred by failing to provide him with these notifications at the community control violation sentencing hearing. We find no error in the proceedings below and affirm.
 {¶ 2} Appellant was charged in nine counts of a ten-count indictment filed December 13, 2005, with one count of theft, two counts of receiving stolen property, three counts of forgery and three counts of uttering. On July 19, 2006, he pleaded guilty to one count of theft, one count of receiving stolen property, and two counts of forgery, all fifth degree felonies. At a sentencing hearing held August 23, 2006, the court sentenced appellant to two years of community control on the condition that he refrain from all use of drugs and alcohol and pay restitution and a probation fee, as well as court costs.
 {¶ 3} On January 11, 2007, appellant appeared before the court for a community control sanctions violation hearing. At the conclusion of that hearing, the court continued appellant's community control, but ordered that he should be supervised by the intensive special probation supervision unit. *Page 4 
 {¶ 4} On May 3, 2007, appellant appeared before the court for another violation hearing, at which he admitted that he violated the conditions of his community control sanctions. At the conclusion of this hearing, the court terminated the community control sanctions and sentenced appellant to a term of nine months' imprisonment on each count. Three of these sentences were to run consecutive to one another but concurrent to the fourth, for a total of 27 months. The court further advised appellant that he was subject to three years' post-release control and that violation of the conditions of post-release control could result in an extension of post-release control, additional conditions, or a prison term of up to one-half the original prison term imposed.
 {¶ 5} In his first assignment of error, appellant contends that the court had no authority to sentence him to a term of imprisonment because, at the original sentencing hearing, the court did not notify him of the "specific prison term" that could be imposed if he violated the conditions of his community control sanctions. He claims that notice of the "specific prison term" required the court to inform him that (1) his prison term could be extended by the parole board for certain violations of the prison rules, R.C. 2929.19(B)(3)(b), and (2) if he was sentenced to a term of imprisonment, he might be subject to post-release control. R.C. 2929.19(B)(3)(d).
 {¶ 6} The Ohio Supreme Court addressed the meaning of the phrase "specific prison term" in State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746, ¶ 19:
 By choosing the word "specific" in R.C. 2929.19(B)(5) to describe the *Page 5 
notification that a trial judge must give when sentencing an offender to community control, the General Assembly has made clear that the judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as "twelve months' incarceration," if the conditions are violated. To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive "the maximum," or a range, such as "six to twelve months," or some other indefinite term, such as "up to 12 months." The judge is required to notify the offender of the "specific" term the offender faces for violating community control.
 {¶ 7} The court in Brooks construed the phrase "specific prison term" to mean a term of imprisonment of definite length. The court here complied with this requirement when it informed the defendant that "you're facing four 12 month sentences, that's 48 months, that's a lot of time. . . . So as well as your children, think about going to jail for 48 months." Nothing in Brooks or in R.C. 2929.19(B)(5) itself requires the court to inform a defendant who is being sentenced to community control sanctions, at the sentencing hearing, that if he violates the conditions of his sanctions, and if the court sentences him to a term of imprisonment for that violation, and if he violates prison rules, the parole board may extend his prison term. Likewise, there is no requirement that the court imposing community control sanctions must inform the defendant that if he is later sentenced to a term of imprisonment for violation of the conditions of his sanctions, then post-release control may be imposed. These contingencies are not part of the "specific prison term" that can be imposed in the event of a future violation of the conditions of post-release *Page 6 
control. Therefore, we overrule the first assignment of error.
 {¶ 8} In his second assignment of error, appellant urges that the court had no authority to sentence him to a term of imprisonment because, at the hearing for his first violation of community control sanctions, the court did not inform him that if he was later sentenced to a term of imprisonment for another violation, (1) his prison term could be extended if he violated prison rules, and (2) he would be subject to post-release control upon his release from prison. Appellant correctly notes that State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 18, requires that "a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for such a subsequent violation." However, as discussed above, informing the defendant of the "specific prison term" does not entail such a detailed explanation of the effects of a prison sentence. The trial court here told the defendant at the first violation hearing: "I'm warning you. I see you back in this courtroom again and you're going to jail for 36 months." This is all Fraley requires. The second assignment of error is also overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment *Page 7 
into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1