[Cite as *State v. Parker*, 2011-Ohio-595.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case Nos. 2010 CA 00148 and<br>2010 CA 00149 |
| DEBORAH PARKER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                            Pleas, Case No.  2008 CR 00096


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      February 7, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       RODNEY A. BACA
PROSECUTING ATTORNEY                  610 Market Avenue North
RENEE M. WATSON                       Canton, Ohio  44702
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, J.*

{¶1}   Appellant Deborah Parker appeals the May 18, 2010, decision of the Stark County Court of Common Pleas revoking her community control sanctions and imposing a modified sentence of nine (9) months.

{¶2}   Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   In September, 2008, following a trial by jury, Appellant Deborah Parker was found guilty of one count of theft from an elderly person or disabled adult in violation of R.C. §2913.02(A)(2).

{¶4}   Following a pre-sentence investigation, Appellant was sentenced to three (3) years community control.   Conditions of Appellant's community control included supervision by and compliance with Intensive Supervision Probation Program (ISP), mental health track.

{¶5}   On September 21, 2009, within one month of being placed under supervision, Appellant's probation officer filed a motion to revoke or modify because Appellant refused to sign the terms and conditions of her community control.  Appellant also habitually failed to report.

{¶6}   Appellant failed to appear at the scheduled hearing in his matter and a warrant was issued for her arrest.

{¶7}   Appellant was eventually located at St. Thomas Hospital, where Appellant had admitted herself and was taken into custody.  Appellant's probation was ultimately continued with Appellant signing the terms and conditions of her community control and acknowledging her understanding of same. (T. at 7-10).

**{¶8}** While in the ISP program, Appellant failed to take her medications as directed, failed to attend seven (7) mental health counseling sessions in a three week period, failed to comply with services at the Crisis Center and the H.O.P.E. program, refused to permit her probation officer to have access to her information at St. Thomas Hospital's outpatient psychiatric services to monitor her progress, and displayed hostile and irrational behavior toward her probation officer when questioned about her lack of compliance with the conditions of probation. Additionally, Appellant failed to produce documentation from a physician with regard to her employment limitations.

**{¶9}** Based on the above, motions to revoke or modify Appellant's probation were filed on February 25, 2010 and March 5, 2010.

**{¶10}** A revocation hearing was held on March 8, 2010.

**{¶11}** Appellant failed to appear at the revocation resulting in a capias being issued for her arrest.

**{¶12}** Appellant's revocation hearing was rescheduled for May 10, 2010. At said hearing, the State presented testimony from Probation Officer Danielle Smith.

**{¶13}** Appellant presented testimony from her aunt, Connie Williams, who stated that she transported Appellant to two doctor appointments and six or seven reporting appointments with Smith. Williams further elaborated that she was "sick" of the way her niece was treated, and that she was not being treated "like a lady". (T. at 32-33). As Williams was leaving the courtroom, she called Smith an expletive, which resulted in the trial court finding her in contempt and having her taken into custody. (T. at 36-40).

**{¶14}** The trial court found that Appellant had violated the terms and conditions of her probation and proceeded to sentence her to nine (9) months incarceration.

{¶15} Following sentencing, Appellant asked the trial court why she had not been permitted to testify. The trial court responded that such a decision was a matter to be decided by her and her attorney. Appellant replied that she had never discussed the issue with her attorney. She then proceeded to advise the court that she had been falsely arrested and that she was not supposed to be on probation. (T. at 41-46).

{¶16} The trial court sentencing entry was journalized on May 18, 2010.

{¶17} Appellant now appeals to this Court, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶18} "I. THE COURT VIOLATED THE MINIMUM DUE PROCESS REQUIREMENTS FOR REVOCATION OF COMMUNITY CONTROL SANCTIONS IN THAT APPELLANT WAS NOT IDENTIFIED DURING THE HEARING, THE TRIAL COURT DID NOT PROPERLY INFORM HER OF HER PRISON SENTENCE, AND THERE WAS INSUFFICIENT EVIDENCE TO REVOKE HER COMMUNITY CONTROL.

{¶19} "II. THE APPELLANT WAS DENIED HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."

## I.

{¶20} In her first assignment of error, Appellant claims that the trial court violated her "minimum due process requirements" for revocation of community control sanctions. We disagree.

{¶21} Appellant initially argues that it was error for the trial court to revoke her community control sanctions because she was not identified during the revocation hearing.

{¶22} In *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656, the Supreme Court stated that a trial court is to provide the following due process requirement for revocations hearings: 1) written notice of the claimed violations; 2) disclosure of evidence against him; 3) opportunity to be heard and to present witnesses and documentary evidence; 4) the right to confront and cross-examine adverse witnesses; 5) a "neutral and detached" hearing body; and 6) a written statement by the factfinder of the evidence relied upon and reasons for revocation.

{¶23} Upon review of the record, we find that Appellant received all of the above and therefore received due process at her community control violation hearing.

{¶24} Appellant argues that the State failed to specifically identify Appellant during the revocation hearing and claims that this is a due process violation. Appellant fails to cite any authority in support of this argument.

{¶25} Evid.R. 101(C)(3) provides that the rules of evidence are not applicable to "proceedings with respect to community control sanctions[.]"

{¶26} A community control revocation hearing is not a criminal trial; therefore, the State does not have to establish a violation with proof beyond a reasonable doubt. *State v. Henry,* Richland App. No. 2007-CA-0047, 2008-Ohio-2474,citing *State v. Payne,* Warren App. No. CA2001-09-081, 2002-Ohio-1916, citing *State v. Hylton* (1991), 75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the prosecution must present "substantial" proof that a defendant violated the terms of his community control sanctions. *Id.,* citing *Hylton* at 782, 600 N.E.2d 821. Accordingly, we apply the "some competent, credible evidence" standard set forth in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, to determine whether a court's finding that a

defendant violated the terms of his community control sanction is supported by the evidence. See *State v. Umphries* (July 9, 1998), Pickaway App. No. 97CA45; *State v. Puckett* (Nov. 12, 1996), Athens App. No. 96CA1712. This highly deferential standard is akin to a preponderance of the evidence burden of proof. See *State v. Kehoe* (May 18, 1994), Medina App. No. 2284-M. We further note that evidentiary rules are inapplicable at community control revocation hearings. Evid.R. 101(C)(3).

**{¶27}** Further, even if such failure to identify Appellant amounted to error, we find that Appellant waived any alleged due process errors by failing to object in the trial court. "The failure to timely object to a due process violation during a probation revocation proceeding waives any error." *State v. Simpkins,* 8th Dist. No. 87131, 2006-Ohio-3496, ¶ 12, citing *State v. Henderson* (1989), 62 Ohio App.3d 848, 853, 577 N.E.2d 710.

**{¶28}** Next, Appellant argues that the trial court failed to inform her as to post-release control.

**{¶29}** For its part, R.C. §2929.15(B) sets forth the options from which the court may choose for any violations of the conditions of a community control sanction. If a trial court determines that an offender shall be placed on community control, the trial court is required to notify the offender of the consequences that may be imposed if the offender violates the terms of community control. R.C. §2929.19(B)(5). If a prison term is a consequence of a violation, the trial court must notify the offender of the specific prison term that may be imposed. *Id.* In *State v. Brooks,* 103 Ohio St.3d 134, 814 N.E.2d 837, 2004-Ohio-4746, at paragraph two of the syllabus, the Supreme Court of Ohio held that the trial court must give the required notification at the sentencing hearing. See, also,

*State v. McWilliams,* 9th Dist. No. 22359, 2005-Ohio-2148, at ¶¶ 16-20 (following the holding of *Brooks*). The Court further stated that the specific prison term identified at the sentencing hearing "set[s] a ceiling on the potential prison term, leaving the court with the discretion to impose a lesser term * * * when a lesser term is appropriate." *Brooks* at ¶ 23. Accordingly, if the offender commits a violation and the trial court determines that a prison term is the appropriate sanction, "the term imposed may not exceed the term the offender was originally notified of under R.C. 2929.19(B)(5)." *Id.* at ¶ 22, 814 N.E.2d 837.

{¶30} Absent from the relevant statutes is a requirement that a court that chooses to impose community control sanctions as an initial sentence must inform the offender of post-release control. Such a requirement applies, instead, when the trial court chooses at the original sentencing hearing to impose the sanction of a *prison* term. R.C. §2967.28(B) and §2929.19(B)(3).

{¶31} "Nothing in * * * R.C. 2929.19(B)(5) itself requires the court to inform a defendant who is being sentenced to community control sanctions, at the sentencing hearing, that *if* he violates the conditions of his sanctions, and *if* the court sentences him to a term of imprisonment for that violation, and *if* he violates prison rules, the parole board *may* extend his prison term. Likewise, there is no requirement that the court imposing community control sanctions must inform the defendant that *if* he is later sentenced to a term of imprisonment for violation of the conditions of his sanctions, then post-release control *may* be imposed. These contingencies are not part of the 'specific prison term' that can be imposed in the event of a future violation of the conditions of

post-release control." (Emphasis in original.) *State v. Harris,* Cuyahoga App. No. 89971, 2008-Ohio-2175, at ¶ 7.

**{¶32}** This Court has reached the same conclusion. See, e.g., *State v. Russell,* Richland App. No. 06CA12, 2006-Ohio-4450. Therefore, this Court finds no error with respect to the trial court's failure to advise Appellant at her initial sentencing hearing about post-release control.

**{¶33}** Lastly, Appellant argues that she was denied the opportunity to testify at the revocation hearing.

**{¶34}** This Court has reviewed the transcript of the hearing and finds that Appellant failed to advise the trial court that she wished to testify and further failed to make any objection when her attorney rested her case without first calling her to testify. We further find that Appellant has failed to show how the outcome of the revocation hearing would have been different if she had in fact testified.

**{¶35}** Accordingly, we find Appellant's first assignment of error not well-taken and hereby overrule same.

## II.

**{¶36}** In her second assignment of error, Appellant claims that she was denied the effective assistance of counsel. We disagree.

**{¶37}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether Appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838, 122

L.Ed.2d 180; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

**{¶38}** In order to warrant a finding that trial counsel was ineffective, the petitioner must meet *both* the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance* (2009), --- U.S. ----, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251.

**{¶39}** To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. *Strickland v. Washington* 466 U.S. at 688, 104 S.Ct. 2052 at 2065, 80 L.Ed.2d 674.

**{¶40}** "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the

particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington,* 466 U.S. 668, at 689,104 S.Ct. at 2064, 80 L.Ed.2d 674.

**{¶41}** In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington,* 466 U.S. 668, at 689,104 S.Ct. at 2064, 80 L.Ed.2d 674. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington,* 466 U.S. 668, at 689,104 S.Ct. at 2064, 80 L.Ed.2d 674.

**{¶42}** Appellant must further demonstrate that she suffered prejudice from her counsel's performance. See *Strickland,* 466 U.S., at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. To prevail on his ineffective-assistance claim, Appellant must show, therefore, that there is a "reasonable probability" that the trier of fact would not have found him guilty

**{¶43}** Appellant argues that her counsel was ineffective for failing to have her testify at the revocation hearing and for failing to object to the lack of identification of Appellant at the hearing.

**{¶44}** As stated above, Appellant has failed to explain what her testimony would have been had counsel called her to testify and how the outcome of the hearing would have been different based on such testimony.

**{¶45}** Further, based on our disposition of the identification issue above, we do not find that counsel's failure to object to such rises to the level of prejudicial error necessary to find that Appellant was deprived of a fair hearing.

**{¶46}** Having reviewed the record, we find Appellant was not prejudiced by defense counsel's representation of her. The results of the revocation hearing were not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel. Appellant has failed to demonstrate that there exists a reasonable probability that, had trial counsel called her to testify or objected to the failure of identification, the result of her case would have been different.

**{¶47}** Appellant's second assignment of error is denied.

**{¶48}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.


_____

_____

_____

                                        JUDGES

JWW/d 0124

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                        :

         :

      Plaintiff-Appellee       :

         :

-vs-                          :             JUDGMENT ENTRY

         :

DEBORAH PARKER             :

         :

      Defendant-Appellant   :        Case Nos. 2010 CA 00148 and

         :                 2010 CA 00149

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES