[Cite as *State v. Carlton*, 2014-Ohio-1275.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25901 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CR-374 |
| v. | : | |
| | : | |
| DONTE R. CARLTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 28th day of March, 2014.

. . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

THOMAS H. HAHN, Atty. Reg. #0086858, Post Office Box 341688, Beavercreek, Ohio 45432
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.,

{¶ 1}      Donte Carlton appeals from his conviction for having weapons under disability (prior drug conviction), a third-degree felony, and his eighteen-month prison sentence. Carlton's assigned counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18

L.Ed.2d 493 (1967), indicating that he has "he has been unable to locate any defensible assignments of error to support his appeal." (*Anders* brief at 1). Counsel also has filed a motion to withdraw as counsel of record.

{¶ 2}   We notified Carlton of the *Anders* filing, advising him of his right to file his own brief and the time limit for doing so. Furthermore, counsel's motion to withdraw indicates that he spoke with Carlton about the *Anders* filing and Carlton's opportunity to file his own brief. Carlton advised counsel that he would not file a brief, and Carlton has not done so. The time for filing now has expired.

The Course of Proceedings

{¶ 3}   Carlton was charged in a March 1, 2013 indictment with two counts: one count of having weapons under disability, a third-degree felony, and one count of improper handling of a firearm in a motor vehicle, a fourth-degree felony. On March 19, 2013, Carlton pleaded guilty to the third-degree felony, having weapons under disability, and the other charge was dismissed. At that time, the trial court reviewed the plea agreement with the defendant. The agreement provided that the second charge would be dismissed and that the maximum sentence would not exceed twenty-four months in prison. The court complied with Crim.R. 11 and found that Carlton understood the effect of his plea and that he entered it voluntarily. He then was found guilty. On April 2, 2013, Carlton was placed on community-control sanctions not to exceed five years and, among other things, was required to complete the MonDay program, a community-based correctional facility, and was placed on "no breaks" status.

{¶ 4}   On July 8, 2013, a Notice of CCS Revocation Hearing and Order was filed, alleging that Carlton had been unsuccessfully discharged from the MonDay program. On August

16, 2013, Carlton admitted violating the terms of community control by being unsuccessfully discharged from the program. He and his counsel addressed the court during allocution. The court then sentenced him to eighteen months in prison, advised him of potential non-mandatory post-release control of three years, gave him credit for time served, and advised him that he could be ordered to perform community service if he failed to pay court costs. Carlton appeals.

Potential Assignments of Error

{¶ 5}     In his brief, assigned counsel identifies two potential assignments of error but concludes that they lack arguable merit. The first is that the trial court abused its discretion by sentencing Carlton to eighteen months in prison, and the second is that the trial court failed to address post-release control when placing him on community control, rendering his subsequent sentence void.

{¶ 6}     With regard to the first potential assignment of error, the trial court noted at the initial sentencing that Carlton has a lengthy juvenile record and an adult misdemeanor record for domestic violence and assaults. The court stated that this conviction was his fourth felony conviction, and he has been to prison twice previously. Nevertheless, the court placed him on community control with "no breaks" status, which the trial court described as "any violation of your supervision * * * you're at the end of the line." (T. 13).  When Carlton admitted being unsuccessfully discharged from the MonDay program, the court sentenced him to eighteen months in prison[1] and gave him credit for 193 days of interim incarceration. Considering these

---

[1] Our thorough review of the record reveals that the entry placing Carlton on community control indicates that if he violates the terms, he could be sentenced to thirty-six months in prison. Arguably, that could exceed the twenty-four-month cap agreed upon at the plea. Any error in that regard is harmless, however, and would constitute a frivolous argument. When Carlton was in fact sentenced to prison, the eighteen months imposed were less than the maximum twenty-four-month agreed term.

few circumstances, any argument that the trial court's sentencing constituted an abuse of discretion is frivolous.

{¶ 7}    Counsel's second potential assignment of error asserts that the entry imposing community control informed Carlton that violations could result in a prison term but failed to address the potential for post-release control. Undoubtedly, Carlton was correctly informed about post-release control at the time of his plea (T. 5), and post-release control was correctly imposed at the sentencing after revocation.   (T. 20-21). The sentencing entry after revocation correctly imposed non-mandatory post-release control. (Dkt. 28).   Whether an offender must be informed of possible post-release control when placed on community control was specifically decided in *State v. Oulhint*, 8th Dist. Cuyahoga No. 99296, 2013-Ohio-3250, where the court reiterated:

> Nothing in * * * R.C. 2929.19(B)(5) itself requires the court to inform a defendant who is being sentenced to community control sanctions, at the sentencing hearing, that if he violates the conditions of his sanctions, and if the court sentences him to a term of imprisonment for that violation, and if he violates prison rules, the parole board may extend his prison term. Likewise, there is no requirement that the court imposing community control sanctions must inform the defendant that if he is later sentenced to a term of imprisonment for violation of the conditions of his sanctions, then post-release control may be imposed. These contingencies are not part of the "specific prison term" that can be imposed in the event of a future violation of the conditions of post-release control.

*Id.* at ¶ 12 (Citations omitted). The Fifth District has agreed. *State v. Parker*, 5th Dist. Stark. Nos. 2010 CA 00148 & 2010 CA 00149, 2011-Ohio-595. We also agree. There is no case law to

the contrary. An argument raising the lack of post-release control advice at the time Carlton was placed on community control lacks arguable merit.

*Anders* Review

{¶ 8}    We have performed our duty under *Anders* to conduct an independent review of the record. We thoroughly have reviewed the various filings, the written transcript of the plea colloquy, the transcript of the sentencing hearing, and the transcript of the violation hearing and sentencing. We have found no non-frivolous issues for review. Accordingly, appellate counsel's motion to withdraw is sustained, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Thomas H. Hahn
Donte R. Carlton
Hon. Mary K. Huffman