[Cite as *State v. Dagley*, 2022-Ohio-2671.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                                                No. 110947

v.                                      :

BENJAMIN DAGLEY,                        :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 4, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-620960-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee*.

Jonathan N. Garver, *for appellant*.

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Benjamin Dagley ("Dagley") appeals the trial court's determination that Dagley violated his community control sanctions and imposed the prison term handed down at the original sentencing. We affirm.

## I.    Background and Facts

{¶ 2}   Dagley was originally indicted on nine counts arising from admitted self-help efforts after legal efforts seeking $1 million for a business dispute with the tenant business owners of a building owned by Dagley were unfruitful.  Frustrated and believing that the building was unoccupied at the time, Dagley broke into the victims' premises, cut holes in containers, and knocked over 55-gallon drums resulting in a release of noxious gases and dangerous chemicals.  A security guard required treatment for toxic gas exposure.

{¶ 3}   Dagley was indicted for:

Count 1:   Deployment, release, or use of a chemical, biological, or nuclear weapon, in violation of R.C. 2909.27(B)(4), a felony of the first degree;

Count 2:   Felonious assault (serious physical harm to [B.E.]), in violation of R.C. 2903.11(A)(1), a felony of the second degree;

Count 3:   Felonious assault (cause or attempt to cause physical harm to [B.E.] by means of a deadly weapon, to wit: toxic gas), in violation of R.C. 2903.11(A)(1), a felony of the second degree;

Count 4:   Inducing panic (resulting in economic harm of $150,000 or more), in violation of R.C. 2917.31(A)(3), a felony of the third degree;

Count 5:   Inducing panic (resulting in physical harm to any person), in violation of R.C. 2917.31(A)(3), a felony of the fourth degree;

Count 6:   Breaking and entering, in violation of R.C. 2911.13(B)(A)(3), a felony of the fifth degree;

Count 7: Vandalism (physical harm to property of [business owners K.C. and/or E.C.]), in violation of R.C. 2909.05(B)(1)(a), a felony of the fifth degree;

Count 8: Vandalism (physical harm to property of [business owners K.C. and/or E.C.]), in violation of R.C. 2909.05(B)(1)(a), a felony of the fifth degree; and

Count 9: Extortion (threaten to commit crime of violence, to wit: vandalism), in violation of R.C. 2905.11(A)(2), a felony of the third degree.

{¶ 4} On June 25, 2018, pursuant to a plea agreement, Dagley pleaded guilty to amended Count 2 for attempted felonious assault under R.C. 2923.02 and 2903.11(A)(1), a third-degree felony; Count 4, inducing panic under R.C. 2917.31(A)(3), a third-degree felony; and Count 7, vandalism, a fifth-degree felony, under R.C. 2909.05(B)(1)(a). The remaining counts were nolled.

{¶ 5} On July 26, 2018, Dagley was sentenced to:

Sixty month(s) of community control/probation on each count, under supervision of the Adult Probation Department with the following conditions: defendant to abide by the rules and regulations of the Probation Department. Court orders defendant to be supervised by: Intensive Special Probation Supervision Unit, participate and successfully complete an anger management program. No contact with victim(s) as a condition of supervision, defendant is required to serve 30 days in county jail. Defendant is to report to county jail on July 27, 2018, at 8:00 a.m. Violation of the terms and conditions may result in more restrictive sanctions or a prison term of 36 month(s) as approved by law, 36 months at Lorain Correctional Institution [on] Count 2 (F3); 36 months at Lorain Correctional Institution Count 4 (F3); 12 months at Lorain Correctional Institution on Count 7 (F5). Counts are to run concurrently to each other for a total of 36 months in prison. Up to 3 years [discretionary post release control] on Counts 4 and 7. Mandatory [postrelease control] 3 years on Count 2. Defendant advised of

postrelease control for 3 years mandatory. Defendant advised that if/when post release control supervision is imposed following his/her release from prison and if he/she violates that supervision or condition of postrelease control under RC 2967.131(B), parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the offender. Supervision fees to be paid at a rate of $20.00 a month. Restitution ordered in the amount of $10,000.00 to Cleveland Plating; payable through the Probation Department. Restitution ordered in the amount of $3,113.40 to Cleveland Police Department; payable through the Probation Department. Restitution ordered in the amount of $2,257.46 to Division of Cleveland Fire; payable through the Probation Department. The defendant is ordered to pay a fine in the sum of $ 5,000.00. Fine is on Count F2. The court hereby enters judgment against the defendant in an amount equal to the costs of this prosecution. All motions not specifically ruled on prior to the filing of this judgment entry are denied as moot. Defendant ordered released.

Journal entry No. 104779942, p. 1 (July 26, 2018).

{¶ 6} Dagley served the 30-day sentence and regularly reported to his probation officer for three years. Dagley also met with the probation officer and executed the acknowledgment of the conditions of probation and penalties for violation. Dagley states he was advised at the August 24, 2021 probation meeting that he needed to make a payment toward his restitution obligation and that a probation violation had been requested. On August 26, 2021, the court scheduled a violation hearing for September 15, 2021.

{¶ 7} The probation department was advised on August 31, 2021, that Dagley had been involved in an incident involving an MSNBC reporter and cameraman in Mississippi. An August 31, 2021, journal entry provides "at the request of probation officer * * *, defendant has left the state of Ohio without

permission.  Capias to issue."  Journal entry No. 118482756, p. 1. (Aug. 31, 2021).

Dagley was taken into custody on September 4, 2021.  The violation hearing was continued to September 29, 2021, due to Dagley's isolation per Covid protocols.

{¶ 8}  Dagley appeared at the September 29, 2021 probation violation hearing represented by appointed counsel.  Dagley admitted to the listed violations, expressed remorse, and was sentenced to a concurrent sentence of 36 months on Counts 2 and 4, and 12 months on Count 7.

{¶ 9}  Dagley appeals.

## II.  Assignments of Error

{¶ 10}  Dagley assigns nine errors:

I.  Appellant was denied due process of law because he was not provided with timely notice of the alleged probation violations.

II.  The trial court denied Appellant due process of law at the commencement of the probation violation hearing by inadequately and inaccurately advising Appellant of his rights at the probation violation hearing.

III.  The trial court denied Appellant due process of law by considering the unsworn statements of the probation officer at Appellant's probation violation hearing.

IV.  The trial court denied Appellant due process of law by accepting the vaguely worded admission offered by his attorney and by not addressing Appellant personally and ascertaining what charges Appellant was admitting to and what charges he was denying.

V.  The sentence imposed by the court is contrary to law and a denial of due process of law because it is fundamentally unfair to place an offender on probation for five (5) years, after ordering him to pay restitution, a fine, the cost of supervision, and court costs,

and then to punish him three (3) years later for not yet making restitution when he had been given five (5) years to complete the terms and conditions of his probation and when no payment schedule had ever been established by the court or the probation officer for the payment of restitution.

VI.     The judgment and sentence imposed by the court is contrary to law and a denial of due process of law, and equal protection of the laws because it is unlawful to incarcerate an offender for failing to pay restitution, the fine, or court costs where the evidence demonstrates that Appellant was 53 years old, unemployed, living with his brother, had no assets, and there was no basis for concluding that he would be able to pay restitution, the fine, or court costs in the foreseeable future and where the court twice found him to be indigent in the same proceeding.

VII.    The imposition of a maximum 12-month prison sentence for a "technical violation" of the community control sanction imposed on the vandalism charge is contrary to law.

VIII.   The imposition of maximum terms of imprisonment when Appellant was found to have violated a community control sanction three (3) years after he was placed on probation is not supported by the record, is contrary to law, and constitutes a denial of due process of law.

IX.     Appellant was denied his right to the effective assistance of counsel. Sixth and Fourteenth Amendments, Constitution of the United States; Article I, Section 10, Constitution of the State of Ohio.

## III.   Scope of Review

{¶ 11}  "The revocation of community control sanctions can result in a prison sentence; thus, a probationer must be accorded due process at the revocation hearing." *State v. English*, 8th Dist. Cuyahoga No. 109645, 2021-Ohio-850, ¶ 11, citing *State v. Bailey*, 8th Dist. Cuyahoga No. 103114, 2016-Ohio-494, ¶ 9, citing

*Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *see also* Crim.R. 32.2(A).

{¶ 12} The minimum due process rights to be afforded are:

> (1) written notice of the claimed violations; (2) disclosure of the evidence against them; (3) an opportunity to be heard and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinder of the evidence relied upon and the reason for revocation.

*Id.*, citing *Bailey* at ¶ 10, citing *State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, ¶ 26.

{¶ 13} Dagley's failure to raise objections to the due process violations and other asserted errors at the trial-court level waives all but plain error on appeal. *English*, 8th Dist. Cuyahoga No. 109645, 2021-Ohio-850, ¶ 10; *State v. Macura*, 8th Dist. Cuyahoga No. 108111, 2019-Ohio-4064, ¶ 14, *State v. Butts*, 8th Dist. Cuyahoga No. 110819, 2022-Ohio-1322, ¶ 12, *State v. Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-470, ¶ 8.[1]

---

[1] A number of cases have held that the failure to raise a due process violation at the revocation hearing waives any error. *See, e.g., State v. Greene*, 8th Dist. Cuyahoga No. 106028, 2018-Ohio-1965 (but see concurring opinion advising plain error should apply); *State v. Simpkins*, 8th Dist. Cuyahoga No. 87131, 2006-Ohio-3496, *State v. Bailey*, 8th Dist. Cuyahoga No. 103114, 2016-Ohio-494, *State v. Mayfield*, 8th Dist. Cuyahoga Nos. 69051, 69052, 69053, 1996 Ohio App. LEXIS 2158 (May 23, 1996), *State v. Parker*, 5th Dist. Stark Nos. 2010 CA 00148, 2010 CA 00149, 2011-Ohio-595. The majority of cases apply plain error as cited above. *See also State v. Hammonds*, 10th Dist. No. 06AP-1122, 2007-Ohio-4456, ¶ 7; *State v. Harmon*, 2d Dist. Champaign No. 2007 CA 35, 2008-Ohio-6039, ¶ 11; *State v. Richard*, 7th Dist. Mahoning No. 15 MA 0186, 2016-Ohio-8562, ¶ 11; *State v. McClellan*, 7th Dist. Mahoning No. 10 MA 181, 2011-Ohio-4557, ¶ 13; *State v. Pavlich*, 6th Dist. Erie No. E-10-011, 2011-Ohio-802, ¶ 26; *State v. Parker*,

{¶ 14} "Crim.R. 52(B) provides that '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *English* at ¶ 10. "Appellate courts take notice of plain error 'with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.'" *Id.*, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).

## IV. Discussion

{¶ 15} We combine Dagley's first through fourth assignments of error for ease of analysis. Appellant argues that his due process rights were violated by the (1) untimely receipt of the alleged probation violations notice; (2) inadequate and inaccurate advisement of his rights at the inception of the hearing; (3) the consideration of the unsworn statements of the probation officer; and (4) the vaguely worded admission offered by Dagley's attorney without addressing Dagley personally to ascertain which charges were admitted or denied.

{¶ 16} "This court has stated that an admission to a community-control violation 'dispense[s] with the need to present evidence or to give appellant the

---

5th Dist. Stark Nos. 2010 CA 00148 and 2010 CA 00149, 2011-Ohio-595, ¶ 27; *State v. Delaine*, 7th Dist. Mahoning No. 08 MA 257, 2010-Ohio-609, ¶ 22. The plain error approach allows justice and fairness under careful application. "We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.

opportunity to defend.'" *English* at ¶ 12, quoting *Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-470, at ¶ 11. "The purpose of the written notice requirement is to inform the probationer of the claimed violation of probation." *State v. Stowers*, 8th Dist. Cuyahoga Nos. 48572, 48575, 48576, 48577, 48578, 48584, 48590, 48872, and 48873, 1985 Ohio App. LEXIS 5610 (Jan. 31, 1985).

{¶ 17} "Although written notice of claimed violations is preferred, this court has held that oral notice of alleged violations may be sufficient." *State v. Patton*, 2016-Ohio-4867, 68 N.E.3d 273, ¶ 9 (8th Dist.). This is true "when the oral statements 'explain the basis of the revocation proceeding,' 'provide adequate notice to the probationer,' and 'provide a record for appellate review of the revocation hearing.'" *Id.* at ¶ 9, quoting *State v. Washington*, 8th Dist. Cuyahoga Nos. 101157 and 101170, 2015-Ohio-305, ¶ 22, citing *State v. Lenard*, 8th Dist. Cuyahoga No. 93373, 2010-Ohio-81, ¶ 10-11, citing *Lakewood v. Sullivan*, 8th Dist. Cuyahoga No. 79382, 2002-Ohio-2134, ¶ 26.

{¶ 18} The probation officer read the violation information into the record. Counsel explained on the record that he spoke "at length" with Dagley the week prior to the hearing, that Dagley understood the violations, admitted the violations, and desired to complete the probation conditions. (P.V.H., Tr. 68.)[2]

---

[2] References to the probation violation hearing transcript are indicated by "P.V.H., Tr." References to the original trial transcript are indicated by "Tr."

{¶ 19} Dagley also argues that the trial court's explanation of rights was insufficient under *Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, and offers that Dagley's admission was not made knowingly, intelligently or voluntarily. "As a general matter, an unknowing waiver of a defendant's right in a revocation hearing to present evidence and confront his accusers is invalid." *Patton* at ¶ 11, citing *State v. Armstrong*, 56 Ohio App.3d 105, 107, 564 N.E.2d 1070 (8th Dist.1988).

{¶ 20} However, "Ohio courts have made it clear that '[a] community control revocation hearing is not a criminal trial.'" *Id.*, quoting *State v. Parsons*, 4th Dist. Athens No. 09CA4, 2009-Ohio-7068, ¶ 11. "Accordingly, '[a] defendant faced with revocation of probation or parole is not afforded the full panoply of rights given to a defendant in a criminal prosecution' and 'the requirements of Crim.R. 11(C)(2) do not apply to a community-control-violation hearing.'" *Id.*, quoting *id*. Dagley does not explain what he did not understand and how he was prejudiced as required under this plain error analysis.

{¶ 21} Our discussion here also resolves Dagley's claim regarding his "vaguely worded admission" and the failure to address Dagley personally to determine which charges he was admitting and denying. Dagley waived the probable cause hearing, admitted to the charges, and counsel stated he discussed the charges with Dagley and that Dagley understood them. The trial court inquired several times whether Dagley had any questions or anything to say and he did not.

The trial court also identified which of the violations were supported by the evidence.

{¶ 22} Dagley also claims that due process was denied by consideration of the unsworn statements of the probation officer at the hearing which renders the sentence contrary to law. First, "the rules of evidence do not apply to probation revocation proceedings." *State v. Simpkins*, 8th Dist. Cuyahoga No. 87131, 2006-Ohio-3496, ¶ 13, fn. 3. "Moreover, admission to a community control violation waives the right to cross-examine or call witnesses." *Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-470, at ¶ 12.

{¶ 23} The first through fourth assignments of error are overruled.

## A. Due Process, Equal Protection, and Contrary To Law

{¶ 24} Dagley's fifth assigned error claims a violation of due process and that the sentence was contrary to law because it was fundamentally unfair to order Dagley to pay restitution, a fine, and supervision costs and punish him for failing to make any restitution payments for three and one-half years of a five-year probation term without a payment schedule and due to his economic situation and the fact that Dagley had previously been declared indigent. The sixth assigned error adds that Dagley's incarceration violates his right to due process and equal protection and is contrary to law. We combine the errors for discussion.

{¶ 25} It is true that

> [t]o imprison someone solely because he is unable to pay a fine also violates the Equal Protection Clause of the Fourteenth Amendment, because people without the means to pay fines would receive more severe punishment than those who are capable of paying. See, e.g., *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *Walker v. Stokes*, 54 Ohio App.2d 119, 123, 375 N.E.2d 1258 (8th Dist. 1977).

*State v. Harris*, 8th Dist. Cuyahoga Nos. 96460-96461 and 96660-96661, 2012-Ohio-802, ¶ 17.

{¶ 26} The trial court ordered restitution to the victims, the Cleveland fire and police departments, and a fine and costs. Pivotal here, Dagley was not imprisoned solely for the failure to pay. In addition, the state presented evidence that since the conviction, Dagley made no payments whatsoever toward restitution, Dagley presented no evidence that he was unable to work and provided no justification for nonpayment. However, Dagley was able to secure a $30,000 truck that the state argued was paid off though Dagley said it was leased. Also, without probation authorization, Dagley was able to relocate to Columbus and to travel to Gulfport, Mississippi, where he was involved in an incident that was recorded and published on national media that resulted in his return to Cuyahoga County for the instant matter.

{¶ 27} The trial court commented that Dagley had previously been employed and has a master of science degree. Dagley said he had not been working but desired to move to Dayton to rehabilitate houses and perform lawn services with a relative

and pay off the debt "as quickly as possible." (P.V.H., Tr. 81.)   The trial court responded,

> for whatever reason, you did not work, even though you have health and skill.
>
> So that, to me, indicates a lack of effort to resolve this matter, which you brought upon totally to yourself, caused panic in the community, caused a person to be injured, and caused damage to a business.
>
> So considering everything together here — and I note that you have reported to Mr. * * *, but you have not done anything substantive other than possibly getting your anger management [counseling].  You have not done anything to resolve the harm you caused.

(P.V.H., Tr. 82.)

{¶ 28} This court's review of the record reflects that the trial court gave due consideration to Dagley's arguments and determined that his arguments are not supported.  The fifth and sixth assignments of error are overruled.

## B.  R.C. 2929.15(B)(1)(c)(i)

{¶ 29} Dagley states next under the seventh assigned error that the imposition of a maximum 12-month prison sentence for a technical violation of a community control sanction for vandalism, a fifth-degree felony, violates R.C. 2929.15(B)(1)(c)(i).  He argues that the sentence must be reversed because it exceeds the 90-day statutory limit.

{¶ 30} R.C. 2929.15(B)(1)(c)(i) provides:

(B)(1) If the conditions of a community control sanction imposed for a felony are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer,

the sentencing court may impose on the violator one or more of the following penalties:

> (c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations and rules, as applicable:
>
>> (i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree, the prison term shall not exceed ninety days, provided that if the remaining period of community control at the time of the violation or the remaining period of the reserved prison sentence at that time is less than ninety days, the prison term shall not exceed the length of the remaining period of community control or the remaining period of the reserved prison sentence. If the court imposes a prison term as described in this division, division (B)(2)(b) of this section applies.

{¶ 31} As this court recently recognized,

> "that the determination whether a violation is a 'technical violation' under R.C. 2929.15(B)(1)(c) does not turn on whether the conduct at issue is criminal" at all. [*State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 111,] ¶ 26. Rather, "a violation is 'nontechnical' if, considering the totality of the circumstances, the violation concerns a condition of community control that was 'specifically tailored to address' matters related to the defendant's misconduct or if it can be deemed a 'substantive rehabilitative requirement which addressed a significant factor contributing to' the defendant's misconduct." *Id.*, quoting *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17-18. "On the other hand, a violation is 'technical' when the condition violated is akin to 'an administrative requirement facilitating community control supervision.'" *Id.*, quoting *Davis* at ¶ 18.

*State v. Wiley*, 2020-Ohio-5428, 163 N.E.3d 660, ¶ 26 (8th Dist.).

{¶ 32} Thus,

[t]here is no single factor that determines whether a violation is technical or nontechnical. As indicated above, the statute allows the trial court to engage in a practical assessment of the case before it, *i.e.*, to consider the nature of the community-control condition at issue and the manner in which it was violated, as well as any other relevant circumstances in the case.

*Id.* at ¶ 26, quoting *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, ¶ 26.

{¶ 33} According to the record of Dagley's original sentencing in this case, Dagley was aware that the victim business owners conducted plating operations at the premises. He was also aware that the operations involved the use of chemicals and explained the steps that he took to minimize dangers of toxicity during the vandalism. Dagley denied knowledge of the victim security guard's presence although the guard's car was parked outside of the facility. Dagley had also sent threats to the victim business owners via text message.

{¶ 34} The trial court found significant that Dagley had

a vendetta against these folks, whether it was legitimate or not, or something you were going to prevail on eventually civilly you were engaged in this activity that led to this particular incident. There were continuing threats. People make a lot of threats sometimes, but in this case, you followed up on them.

(Tr. 52.) The trial court further detailed the R.C. 2929.12 factors considered during sentencing.

{¶ 35} The court then sentenced Dagley to 60 months of community control, remanded Dagley to serve 30 days in county jail, and imposed a fine due to the

security guard's injuries. The trial court also imposed restitution as stated herein and anger management counseling. Dagley was required to secure court approval prior to leaving the state and was warned of the repercussions for violating probation.

{¶ 36} The trial court explained, "this is about as bad as it gets, for someone with education and opportunities acting thuggish and committing a crime." (Tr. 56.) "[T]his involves the community, inducing panic, an individual unrelated to the dispute" with the victim business owners. (Tr. 57.) "So I think this is a fair compromise considering the harm to her as well as the disruption to the community. Those firefighters and policemen could have been somewhere else. They shouldn't have been there because you resorted to self-help." *Id.*

{¶ 37} Dagley moved to Dublin, Ohio without court approval and, significant here, during the three years of his five-year probation term, Dagley made no payments toward restitution that was specifically designed to compensate the victims and safety forces for expenses incurred due to his criminal acts including vandalism.

{¶ 38} Considering the totality of circumstances in this case, the record supports that the trial court tailored the community control conditions to specifically address the matters that were related to Dagley's misconduct. *Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, ¶ 26. Thus, the vandalism charge violation was nontechnical and was not subject to the 90-day limitation.

{¶ 39} The seventh assigned error is overruled.

## C.  Imposition of Maximum Sentence

{¶ 40} Under the eighth assigned error, Dagley argues that imposition of the maximum prison term is not supported by the record, is contrary to law, and denies due process.

> In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard.  *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9.  Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either (1) the record does not support certain specified findings, or (2) the sentence imposed is contrary to law.  An appellate court does not review a trial court's sentence for an abuse of discretion.  *Marcum* at ¶ 10.

*State v. Silaghi,* 8th Dist. Cuyahoga Nos. 107890, 107895, 107906, 107911, 2019-Ohio-4058, ¶ 24.

{¶ 41} Also, a sentence is contrary to law where

> (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.  *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

*State v. Maddox*, 2017-Ohio-8061, 98 N.E.3d 1158, ¶ 31 (8th Dist.).

{¶ 42} The crux of Dagley's argument is that the sentencing court considered the R.C. 2929.11 and 2929.12 factors at the time of sentencing but concluded that a prison term was not warranted.  Yet, Dagley argues, the maximum term of

imprisonment was imposed at the revocation hearing although the violations were no more serious than the originals.

{¶ 43} At the original sentencing hearing, the trial court advised and journalized that violating community control sanctions would result in

> [thirty-six] months at Lorain Correctional Institution on Count 2 (F3); 36 months at Lorain Correctional Institution Count 4 (F3); 12 months at Lorain Correctional Institution on Count 7 (F5). Counts are to run concurrently to each other for a total of 36 months in prison.

Journal entry No. 104779942, p. 1 (July 26, 2018).

{¶ 44} At the revocation hearing, the trial court stated:

> So under [R.C.] 2929.11(A), having found you to be in violation of supervision, I am now going to fulfill the requirements of the sentencing hearing.
>
> Overriding purpose under [R.C.] 2929.11 is to protect the public from future crime by the offender, and others, to punish the offender, and to promote effective rehabilitation using the minimum sanctions that the Court determines accomplishes those purposes without imposing an unnecessary burden on State or Local Government resources.
>
> The Court has considered the need for incapacitation, deterrence, rehabilitation, and restitution.

(P.V.H., Tr. 76.)

{¶ 45} The defense incorporated the mitigating factors offered throughout the hearing including that Dagley planned to make restitution by rehabbing houses with his nephew in Dayton, Ohio. In response to the trial court's inquiry of whether Dagley had anything to say regarding sentencing, Dagley responded, "no, sir." (Tr. 77.) The trial court stated, "So the Court will incorporate the prior information

before it as well as the prior presentence investigation that was prepared, and I note — indicate your conduct is more serious under R.C. 2929.12(B)." (P.V.H., Tr. 77-78.)

{¶ 46} After reciting the seriousness and recidivism factors considered, the trial court added, that the "[p]ositive things I can say under R.C. 2929.12(B), you had work. You're educated. You had a Master of Science Degree. You did test negative for drugs back then, and it does not seem like drugs are the issue." (P.V.H., Tr. 80-81.)

{¶ 47} Finally, the trial court concluded:

So considering everything together here — and I note that you have reported to Mr. * * *, but you haven't done anything substantive other than possibly getting your anger management. You haven't done anything to resolve the harm you caused.

(P.V.H., Tr. 82.)

{¶ 48} The trial court continued, "for some reason, you had a vendetta, and you utilized dangerous means to satisfy it, and you are now, having failed supervision, going to pay the costs of that poor judgment. Now, you are going to prison." (P.V.H., Tr. 84.)

{¶ 49} The sentence imposed is within the statutory range and a review of the record supports that the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and 2929.12.

{¶ 50} The eighth assigned error is overruled.

### D. Ineffective Assistance Of Counsel

{¶ 51} Dagley's ninth and final assigned error asserts ineffective assistance of counsel. Dagley argues that defense counsel was ineffective for: (1) failure to request a continuance due to lack of notice of the alleged probation violations; (2) failure to clarify which violations Dagley admitted and disputed; (3) failure to object to the unsworn statements of probation officer; (4) failure to argue that a restitution payment scheduled had not been established; and (5) failure to file an affidavit of indigency and defend based on Dagley's inability to pay.

{¶ 52} "A claim of ineffective assistance of counsel is judged using the standard announced in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Sims*, 8th Dist. Cuyahoga No. 109335, 2021-Ohio-4009, ¶ 21, citing *State v. Bradley*, 42 Ohio St. 3d 136, 538 N.E.2d 373 (1989).

{¶ 53} "'Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.'" *Id*., quoting *Bradley*, at paragraph two of the syllabus.

{¶ 54} In light of our finding that the assigned errors lack merit and thus do not constitute error, we do not find that counsel was ineffective.

{¶ 55} The ninth assigned error is overruled.

## V.     Conclusion

**{¶ 56}** We find no error, plain or otherwise.  The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR